IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARDO AUGUSTINE LLOYD,   *  
    *
    *Petitioner,*     *
    *
v.     *   Civil Action No. DKC-17-2149
    *   (Related Criminal No. DKC-12-0354)
UNITED STATES OF AMERICA,   *
    *
    *Respondent.*     *

## MEMORANDUM OPINION

Petitioner Bernardo Augustine Lloyd ("Mr. Lloyd") has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence ("motion to vacate") and a motion for judgment by default. ECF Nos. 122, 128. For the reasons discussed below, both of Mr. Lloyd's motions will be denied.[1]

**I.**     **Background Facts**

On June 25, 2012, a grand jury indicted Mr. Lloyd for one count of involuntary manslaughter, in violation of 18 U.S.C. § 1112(a), and one count of reckless driving, in violation of Md. Code Ann., Transp. § 21-901.1(a) as incorporated into federal law by 36 C.F.R. § 4.2. ECF No. 1.

On September 18, 2014, prior to trial, Mr. Lloyd, through counsel, moved to dismiss the charges, arguing that the 15-month delay between his indictment and arrest violated his Sixth Amendment right to a speedy trial. ECF No. 43 at 2. After a motions hearing, the court denied Mr. Lloyd's motion to dismiss on November 26, 2014. ECF Nos. 113, 62 at 2.

---

[1] Lloyd moves for a default judgment, arguing that the Government failed to respond to his motion to vacate. ECF No. 128 at 1. The Government did, however, timely respond to the motion. *See* ECF No. 124. Accordingly, Lloyd's motion for judgment by default will be denied.

On December 19, 2014, a jury found Mr. Lloyd guilty of involuntary manslaughter. ECF No. 87. The court had directed the jury to consider the reckless driving charge only if it found Mr. Lloyd not guilty of involuntary manslaughter. *Id.* Accordingly, the jury returned no verdict on the reckless driving charge. *Id.*

The Presentence Report ("PSR") recommended a sentence of 63 months, based on a criminal history category of III and a final offense level of 22, which equated to a guideline range of 51 to 63 months of imprisonment. ECF No. 97 at 20. The court agreed with the sentencing guidelines calculated in the PSR and sentenced Mr. Lloyd to 63 months of imprisonment on May 6, 2015. ECF No. 105.

Mr. Lloyd appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction on April 20, 2016. ECF No. 119. He then filed a petition for a writ of certiorari, which the U.S. Supreme Court denied on October 4, 2016. ECF No. 121.

Mr. Lloyd filed his motion to vacate on July 31, 2017. ECF No. 122. The Government filed its response on October 6, 2017, but did not certify that service was made on Mr. Lloyd. ECF No. 124. On December 12, 2017, the Clerk of the Court issued a QC Notice, requesting that the Government provide a certificate of service. ECF No. 125. On December 18, 2017, the Government filed a certificate of service stating that it mailed its response to Mr. Lloyd on that date. ECF No. 127.

**II.    Analysis**

Mr. Lloyd argues that his sentence should be vacated because (1) the court miscalculated his offense level, ECF Nos. 122 at 4; 122-1 at 6–7; (2) his trial[2] counsel was ineffective at trial and

---

[2]    Mr. Lloyd asserts that his counsel was also ineffective at the appellate stage, but these claims relate to his counsel's performance at the trial level. ECF Nos. 122 at 8; 122-1 at 13 ("The

at sentencing, ECF Nos. 122 at 5, 8; 122-1 at 5–8, 12–15; and (3) there was insufficient evidence to sustain his conviction, ECF Nos. 122 at 7; 122-1 at 8–12. None of these claims have merit.

To prevail on a § 2255 motion, a petitioner must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255; *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [the petitioner] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. *Pro se* petitions are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

### a. Mr. Lloyd's Ineffective Assistance of Counsel Claims Fail.

Mr. Lloyd asserts that his trial counsel was ineffective for (1) failing to object to the court's determination of his offense level at sentencing, ECF Nos. 122 at 5; 122-1 at 5–8; (2) failing to exclude an expert witness from testifying, ECF No. 122-1 at 14; and (3) presenting the "wrong speedy trial claim . . . , which limited [Mr. Lloyd's] challenge on appeal," *id.* at 13.

Courts examine claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under the performance prong, a petitioner must show that counsel's performance was deficient. *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689; *see also United States v. Terry*, 366 F.3d 312, 317 (4th Cir. 2004). The alleged deficient performance must be objectively unreasonable and

---

problem with the claim on appeal was counsel first presented the wrong speedy trial claim on the district court, which limited his challenge on appeal to the district court's ruling on that issue.").

3

"requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The court must evaluate the conduct at issue from counsel's perspective at the time and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

Under the prejudice prong, a petitioner must show that the deficient performance prejudiced the defense, and but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 687, 694. Unless a petitioner can make both showings, the court cannot find that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* at 687. Finally, "there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the [petitioner] makes an insufficient showing on one." *Id.* at 697.

Mr. Lloyd argues that the court miscalculated the base level for his offense at sentencing, and that counsel was ineffective in failing to object to that calculation. ECF Nos. 122 at 4; 122-1 at 6–8. Specifically, he contends that because the jury did not return a verdict on the reckless driving charge, the court could not find that his involuntary manslaughter offense "involved the reckless operation of a means of transportation," which resulted in a base offense level of 22. ECF No. 122-1 at 7 (citing U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 2A1.4(a)(2)(B) (U.S. Sentencing Comm'n 2018)).

Initially, any claim that the court miscalculated the sentencing guidelines is not cognizable in a § 2255 petition as a standalone issue. As explained in *United States v. Foote*, 784 F.3d 931 (4th Cir. 2015), an alleged sentencing error cannot be reviewed unless it is constitutional,

jurisdictional, or amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* at 936 (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). In *United States v. Mikalajunas*, 186 F.3d 490 (4th Cir. 1999), the court held that "misapplication of the sentencing guidelines does not amount to a miscarriage of justice." *Id.* at 495. Thus, this claim must be evaluated, if at all, only under the standard for ineffective representation by counsel.

The base offense level for involuntary manslaughter is 12. U.S.S.G. § 2A1.4(a)(1). If the offense involved the "reckless operation of a means of transportation," the base offense level is increased to 22. *Id.* § 2A1.4(a)(2)(B). Application Note 1 of U.S.S.G. § 2A1.4 defines "reckless" as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." *Id.* § 2A1.4 cmt. n.1. It further states that "reckless" includes "all, or nearly all, convictions for involuntary manslaughter under 18 U.S.C. § 1112." *Id.* Based on this definition, a conviction of reckless driving is not necessary to show that the offense involved the "reckless operation of a means of transportation," *id.* § 2A1.4(a)(2)(B), and to justify the increase in the base offense level. Moreover, at sentencing, the court adopted the factual findings and advisory guideline application in the PSR, which established that, because Mr. Lloyd caused the death of an individual while operating a motor vehicle at excessive speeds and without any regard for the safety and welfare of others, the offense involved the reckless operation of a means of transportation. ECF No. 106 at 1. Accordingly, the court correctly calculated Mr. Lloyd's base offense level as 22. It follows that counsel did not err in failing to object to the guidelines, nor can Mr. Lloyd show prejudice.

Mr. Lloyd also claims that his counsel was ineffective for failing to exclude an expert from testifying about "facts of the case." ECF No. 122-1 at 14. Although Mr. Lloyd's counsel filed a motion in limine to exclude such testimony, ECF No. 68, the court denied the motion, ECF No. 73, which the Fourth Circuit affirmed on appeal, ECF No. 119-1 at 16–18. Because this issue was raised, litigated, and rejected at trial and on direct appeal, the court will not consider it now. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam) (stating that a defendant may not "recast, under the guise of collateral attack, questions fully considered by this court [on direct appeal]"); ECF Nos. 73; 119-1 at 16–18.

Mr. Lloyd also contends that his counsel was ineffective for "present[ing] the wrong speedy trial claim" in the motion to dismiss. ECF No. 122-1 at 13. In the motion, Mr. Lloyd's counsel argued that the 15-month delay between Mr. Lloyd's indictment and arrest violated his Sixth Amendment right to a speedy trial. ECF No. 43 at 2. Mr. Lloyd now asserts that his counsel should have argued that there had been a violation of his rights under the Speedy Trial Act, instead of the Sixth Amendment. ECF No. 122-1 at 13. He argues that under the Speedy Trial Act, "the United States ha[d] 70 days to bring Petitioner to trial" and "the act was violated . . . as early as August of 2012"—approximately 70 days from the June 25, 2012 indictment. *Id.*

Although the indictment was returned on June 25, 2012, and the Speedy Trial Act may require trial to begin 70 days from indictment, 18 U.S.C. § 3161(c)(1), the date of the indictment is not the only triggering event for the 70-day clock. The Speedy Trial Act states that trial "shall commence within seventy days from the filing date . . . of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, *whichever date last occurs*." *Id.* (emphasis added). Mr. Lloyd appeared before Magistrate Judge William Connelly on September 25, 2013. ECF No. 5. Because September 25,

2013 is later than June 25, 2012, September 25, 2013 is the operative date for starting the 70-day clock. Although Mr. Lloyd's trial did not commence until December 16, 2014, the time from September 25, 2013 through November 25, 2014 was excluded from the calculation of the time limits set forth in the Speedy Trial Act, *see* ECF Nos. 16, 31, 37, 62, so Mr. Lloyd's Speedy Trial Act rights were not violated. Because there was no Speedy Trial Act argument to be made, counsel's decision not to raise such an argument was objectively reasonable. Accordingly, Mr. Lloyd's third ground of ineffective assistance of counsel has no legal basis under *Strickland*.

### b. Mr. Lloyd's Insufficient Evidence Claim Fails.

Mr. Lloyd appears to argue that there was insufficient evidence produced at trial to sustain his conviction, rendering him innocent. ECF Nos. 122 at 7; 122-1 at 8–12. "[Title] 28 U.S.C. § 2255 does not give [prisoners] the right to try over again the cases in which they have been adjudged guilty." *Taylor v. United States*, 177 F.2d 194, 195 (4th Cir. 1949); *Neeley v. United States*, 405 F. Supp. 1186, 1189 (W.D. Va. 1975) ("Sec[tion] 2255 does not exist to correct erroneous factual determinations or to challenge the sufficiency of the evidence or to correct errors which should have been brought to the attention of the trial court or the appellate court on direct appeal."). Because Mr. Lloyd did not raise his sufficiency of the evidence claim on direct appeal, ECF No. 119-1 at 2, the claim is procedurally defaulted on collateral review unless he demonstrates cause and prejudice or actual innocence. *See United States v. Pettiford*, 612 F.3d 270, 275 (4th Cir. 2010); *see also Bousley v. United States*, 523 U.S. 614, 621 (1998).

Cause "turn[s] on whether the prisoner can show that some objective factor external to the defense" impeded compliance with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Furthermore, a petitioner can only establish actual prejudice when "the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of

7

prejudice.'" *Satcher v. Pruett*, 126 F.3d 561, 572 (4th Cir. 1997) (quoting *Murray*, 477 U.S. at 494). If cause and prejudice are not demonstrated, a petitioner may only overcome procedural default by establishing "actual innocence" meaning "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. For the court to entertain the collateral attack, a petitioner must press beyond mere declarations and prove innocence "by clear and convincing evidence." *Mikalajunas*, 186 F.3d at 493.

Mr. Lloyd argues that the "failure to present the instant claim on appeal fell to the discretion of counsel for appeal." ECF No. 122 at 4, 7. However, this allegation is not an "objective factor external to the defense," *Murray*, 477 U.S. at 488, and thus Mr. Lloyd has failed to establish cause. Moreover, although Mr. Lloyd does not specifically argue that the failure to raise this issue on appeal prejudiced him, he does assert that the insufficiency of evidence has resulted in a "miscarriage of justice." ECF No. 122-1 at 12. This conclusory statement, however, does not demonstrate "actual and substantial disadvantage" to excuse his default. *Satcher*, 126 F.3d at 572 (quoting *Murray*, 477 U.S. at 494). Lastly, in support of his claim of actual innocence, Mr. Lloyd argues only that the evidence was insufficient to support his conviction. ECF No. 122-1 at 8–12. These allegations do not demonstrate actual innocence. Thus, Mr. Lloyd's insufficient evidence claim does not warrant relief.

### III. Certificate of Appealability

A petitioner may not appeal this court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any

8

assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009). The court has assessed Mr. Lloyd's motion to vacate and finds that no reasonable jurist could find merit in any of the asserted claims. Accordingly, no certificate of appealability shall issue.

### IV. Conclusion

Based on the foregoing, the court finds that Mr. Lloyd's motion to vacate "conclusively show[s] that [he] is entitled to no relief," and, as such, will deny the motion. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. A separate order will follow.

July 11, 2019 /s/
DEBORAH K. CHASANOW
United States District Judge